UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>HIGINIO TAFOLLA-GONZALEZ,<br><br>　　　　　Defendant. | Case No. 4:11-cv-00181-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Higinio Tafolla-Gonzalez was convicted of twenty-six federal offenses, all stemming from his leadership of a methamphetamine distribution operation. He now raises five challenges to his convictions and sentence pursuant to 28 U.S.C. § 2255. Because his challenge to his conviction for conspiracy to distribute methamphetamine and engaging in a continuing criminal enterprise makes out a Double Jeopardy Clause violation, the Court will grant his motion in part. The appropriate remedy for this violation is to vacate the conspiracy conviction. The double jeopardy violation does not, however, require Tafolla-Gonzalez be resentenced. His remaining challenges are meritless.

# BACKGROUND

In February 2008, Higinio Tafolla-Gonzalez stood trial on a thirty-two counts for his involvement in an interstate methamphetamine distribution operation. *United States*

*v. Tafolla-Gonzalez*, No. 4:07-cr-00088-BLW.  According to Tafolla-Gonzalez, once prior to the start of his trial and twice during, the prosecutor approached Tafolla-Gonzalez through his counsel in an effort to initiate plea negotiations.  The government sought Tafolla-Gonzalez's testimony against another individual involved in the distribution ring.  However, Tafolla-Gonzalez did not know the individual, and so informed the government.  As a result, the government never extended to Tafolla-Gonzalez a formalized plea offer, and the trial continued.

Ultimately, the jury returned a special verdict form that convicted Tafolla-Gonzalez of twenty-six counts.  Most important to this motion are Tafolla-Gonzalez's convictions for (1) conspiracy to distribute methamphetamine, 21 U.S.C. § 846, under Count One of the Indictment, and (2) engaging in a continuing criminal enterprise ("CCE") under count thirty-nine of the Indictment.  The jury found Tafolla-Gonzalez's involvement in the CCE began on July 28, 2004, and lasted until April 3, 2007.

At sentencing, the Court grouped Tafolla-Gonzalez's convictions together pursuant to Sentencing Guideline § 3D1.2 (d), and imposed a sentence based upon the most serious offense, the CCE conviction.  Tafolla-Gonzalez's base offense level was determined primarily upon the quantity of methamphetamine for which Tafolla-Gonzalez was found responsible.  *See* §§ 2D1.1, 2D1.5.  Based upon the unopposed recommendation contained in the presentence report, the Court found that Tafolla-Gonzalez was responsible for trafficking three pounds of methamphetamine per month for twenty-two months, which is the equivalent of 29.937 kilograms.  That amount of

methamphetamine translates to a base offense level of 38 under the drug quantity tables. *See* § 2D1.1(c)(1). After the four level increase required by § 2D1.5 for his leadership role in the operation, Tafolla-Gonzalez's base offense level was 42. His criminal history category was zero. Thus, Tafolla-Gonzalez's guideline range was 360 months to life. After considering the § 3553(a) factors, the Court concluded that the appropriate sentence for Tafolla-Gonzalez's crimes was 360 months.

Tafolla-Gonzalez appealed his conviction and sentence, and the Ninth Circuit affirmed. *United States v. Tafolla-Gonzalez*, 2010 WL 3377647 (9th Cir. 2010). With respect to Tafolla-Gonzalez's sentence, the panel held that this Court "correctly determined the Guidelines range for [Tafolla-Gonzalez's] crimes." *Id.* at *3.

Acting pro se, Tafolla-Gonzalez now challenges his sentence under 28 U.S.C. § 2255. He makes five claims: (1) that his conspiracy conviction and CCE conviction constitute double punishment in violation of the Double Jeopardy clause of the Fifth Amendment because conspiracy to distribute is a lesser-included offense of the CCE offense; (2) that he was denied due process at his sentencing hearing because there was some initial confusion over which counts he had been convicted; (3) that the Court's drug quantity calculation was not supported by the evidence; (4) that by withholding a formal plea offer, the Government violated his Sixth Amendment right to counsel in light of the Supreme Court's holding in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); and (5) that by failing to raise the double jeopardy challenge, his counsel has committed conduct that gives rise to a claim for ineffective assistance of counsel (IAC).

In response, the Government moves to dismiss Tafolla-Gonzalez's motion. The government argues that, with the exception of his IAC claim, Tafolla-Gonzalez procedurally defaulted his claims. Furthermore, the Government argues that Tafolla-Gonzalez has failed to satisfy the elements for an IAC claim.

## ANALYSIS

The Court turns first to the Government's claims of procedural default. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Tafolla-Gonzalez has failed show any reason why he failed to raise in his direct appeal his claims other than his IAC claim. Those claims existed at the time of his direct appeal and could have been raised there. Accordingly, those claims must be dismissed.[1] The IAC claim remains because it could not be raised on direct appeal. *U.S. v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003).

The Court would also note that with respect to Tafolla-Gonzalez's claim that the Court erred in calculating his drug quantity, the Ninth Circuit considered and rejected that argument in his direct appeal. In his direct appeal, the Circuit questioned "whether the district court abused its discretion in imposing a 360-month sentence." *Tafolla-Gonzalez*, *supra* at *3. The court answered its question as follows:

---

[1] Whatever confusion existed at sentencing over the counts of conviction was cleared up and his sentence corresponded to the appropriate convictions. *Compare*, *Sentencing Transcript (Dkt. No. 306)* at p. 5 *with Verdict Form (Dkt. No. 181)*. Moreover, Tafolla-Gonzalez's reliance on *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) for his claim that he should have received a formal plea offer is without merit. *Lafler* actually held that "defendants have no right to be offered a plea." *Id.* at 1387.

> *The district court correctly determined that the Guidelines range for Tafolla's crimes is 360 months to life.* In imposing the low-end, 360-month sentence, the district court considered the 18 U.S.C. § 3553(a) factors and noted that *Tafolla was the leader of a large scale methamphetamine conspiracy spanning at least 32 months.* The district court also considered Tafolla's education level and family relationships, his history of substance abuse, his age, his likelihood of recidivism, and the need for deterrence. Therefore, considering the totality of the circumstances, the sentence is substantively reasonable.

*Id.* (emphasis added). As described above, Tafolla-Gonzalez's Guidelines range depended almost entirely on the Court's drug quantity calculation. There is no way that the Circuit could have decided that this Court "correctly determined [the] Guideline[] range" without considering the underlying drug quantity calculation. There is no need to relitigate this issue now.

Turning to the IAC claim, Tafolla-Gonzalez must show that (1) his counsel's performance fell "below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's error, the result would have been different." *United States v. Mejia-Mesa*, 153 F.3d 925, 930-31 (9th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984)).

Tafolla-Gonzalez argues that his counsel was ineffective for failing to argue that his conspiracy conviction amounted to impermissible double punishment in violation of the Double Jeopardy clause because it is a lesser-included offense of the CCE offense. In support of his argument, Tafolla-Gonzalez cites *Rutledge v. U.S.*, 517 U.S. 292, 294, 300 (1996), which held that conspiracy to distribute a controlled substances, 21 U.S.C. § 846,

is a lesser-included offense of CCE, 21 U.S.C. § 848, when "the 'in concert' element of [the] CCE offense was based upon the same agreement as the § 846 conspiracy."

The Government concedes that Tafolla-Gonzalez's conspiracy conviction should have merged with his CCE conviction. However, the Government argues that Tafolla-Gonzalez was not prejudiced by that error because he is not eligible to have his sentence reduced. It is true that Tafolla-Gonzalez is not eligible to have his sentence reduced, because it was based entirely on his CCE conviction, as discussed above. Tafolla-Gonzalez accepts this fact. *See Def. Motion (Dkt. No. 7)* at p. 2. However, this does not entirely dispel the prejudice resulting from the conspiracy conviction. As the Supreme Court stated in *Rutledge*,

> "The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment."

*Rutledge*, 517 U.S. at 302 (emphasis in original). These concerns may seem attenuated in light of Tafolla-Gonzalez's twenty-five remaining convictions and looming removal from the United States. Ultimately, however, the Court agrees with the Second Circuit's response to the same issue: "The degree of prejudice may not seem great, but when one considers that there is essentially no reason not to correct what was a manifest error, [a

small degree of prejudice] is sufficient." *Jackson v. Leonardo*, 162 F.3d 81, 86 (2d Cir. 1998).

Because the government does not challenge the first prong of the *Strickland* test, the Court assumes without deciding that it is satisfied. Therefore, the Court will vacate Tafolla-Gonzalez's conspiracy conviction. *See U.S. v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005) ("[W]hen a jury convicts on both the greater and lesser included offenses, . . . the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense."). As discussed above, this has no effect on Tafolla-Gonzalez's sentence as it was based entirely on the CCE conviction.

## CONCLUSION

Because Tafolla-Gonzalez's conspiracy conviction violates the Double Jeopardy Clause, the Court will prepare an Amended Judgment that reflects the dismissal of that charge. At sentencing the Court imposed a special assessment of $2,600.00. One hundred dollars of that assessment was based on the conspiracy conviction. Within the next 60 days, Tafolla-Gonzalez may come forward with evidence regarding the outstanding balance, if any, of the $2,600.00 assessment. If Tafolla-Gonzalez shows he has paid the entire assessment, the Court will order a refund of the $100.00. If Tafolla-Gonzalez has an outstanding balance on the total assessment, however, the Court will reduce the assessment to $2,500.00. The Court would also direct the Probation Office to provide any information it has on this assessment and the amount still owing.

Tafolla-Gonzalez's requests for an evidentiary hearing and appointment of counsel are moot.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's motion to dismiss (docket no. 9) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to dismiss all claims but the claim for ineffective assistance of counsel. It is denied to the extent it seeks to dismiss the claim for ineffective assistance of counsel.

IT IS FURTHER ORDERED, that plaintiff's motion under 28 U.S.C. § 2255 (docket no. 1) and motion for summary judgment (docket no. 7) are GRANTED IN PART AND DENIED IN PART. They are granted to the extent they seek to dismiss the conviction for conspiracy as violating the Double Jeopardy Clause. They are denied in all other respects.

IT IS FURTHER ORDERED, that plaintiff's Conviction for Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 846, Count 1 of the Indictment, Case No. 4:07-cr-00088-BLW, is hereby VACATED.

IT IS FURTHER ORDERED, that the Clerk prepare an Amended Judgment reflecting the dismissal of the Conspiracy charge.

IT IS FURTHER ORDERED, that within the next 60 days, the plaintiff and the Probation Office file a statement of account showing what has been paid on the $2,600

assessment to determine if plaintiff is entitled to a $100 refund or a reduction in the amount still owed.

DATED: August 4, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court